# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00251-CV

---

**In re John M. Finch**

---

### ORIGINAL PROCEEDING FROM ANDERSON COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator John M. Finch, an inmate in Anderson County, has filed an untitled, pro se submission to this Court complaining of various alleged abuses and irregularities in his arrest and incarceration and seeking a transfer of venue. Having reviewed the submission, we will treat it as an original application for writ of habeas corpus and deny the application for want of jurisdiction.

As an intermediate appellate court, we may issue writs of habeas corpus against a district judge or county court sitting in our district, or to enforce our jurisdiction. *See* Tex. Gov't Code 22.221. We lack jurisdiction to issue the requested writ against the courts of Anderson County, and Finch has not made any showing that such a writ is necessary to enforce this Court's appellate jurisdiction. *See id*. § 22.221(a), (b)(1); *compare id*. § 22.201(d) (listing twenty-four counties in Third Court's district), *with id*. § 22.201(m) (including Anderson County in list of counties in Twelfth Court's district).

Furthermore, this Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (providing that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (limiting original habeas-corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). As an intermediate appellate court, our habeas-corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); see also *In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding) (mem. op.).

Accordingly, we dismiss the application for want of jurisdiction.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed: April 17, 2025

2